**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL SCHARFF and DENNIS** | : NO: |
| **SCHARFF** | : |
| 39 Ned Court | : |
| Perth Amboy, NJ 08861 | : |
|       PLAINTIFFS | : |
|       v. | : |
| **MOUNT AIRY CASINO RESORT** | :**JURY TRIAL DEMANDED** |
| 312 Woodland Rd. | : |
| Mount Pocono, PA 18344 | : |
|    and | |
| **MOUNT AIRY CASINO RESORT, LP** | : |
| 312 WOODLAND  RD. | |
| MOUNT POCONO, PA 18344 | : |
| AND | |
| **MOUNT AIRY  #1 L.L. C.** | : |
| 299 MAIN ST. -STURGES | |
| OLYPHANT, PA 18447 | : |
| AND | |
| **MOUNT AIRY #2 L.L.C.** | ; |
| 299 Main Street-Sturges | |
| Olyphant, PA 18447 | : |
| AND | |
| **JOHN AND JANE DOES (PERSONS,** | : |
| **ENTITIES, AGENTS, RESPONSIBLE FOR** | : |
| **CLEANING, INSPECTING AND/OR** | : |
| **MAINTAINING THE FLOOR IN THE AREA** | : |
| **OF THE ESCALATOR ON OR BEFORE** | : |

**THE DATE OF THE INCIDENT**
        DEFENDANTS


<u>**COMPLAINT**</u>


1. Plaintiff, Carol Scharff and Dennis Scharff are adult individuals residing at 39 Ned Court, Perth Amboy, NJ 08861

2.  Defendant, Mount Airy Casino Resort, is an entity authorized to conduct business with the Commonwealth of Pennsylvania with an address of 312 Woodland Rd. Mount Pocono, PA 18344.

3.     Defendant, Mount Airy Casino Resort, LP, is an entity authorized to conduct business with the Commonwealth of Pennsylvania with an address of 312 Woodland Rd. Mount Pocono, PA 18344.

4.     Defendant, Mount Airy #1 LLC, is an entity authorized to conduct business with the Commonwealth of Pennsylvania with an address of 299 Main St. - Sturges Olyphant, PA 18447.

5.     Defendant Mount Airy #2 LLC, is an entity authorized to conduct business with the Commonwealth of Pennsylvania with an address of 299 Main St. - Sturges Olyphant, PA 18447.

6.    Defendants John and Jane Does are all persons and/or entities and/or agents responsible for the cleaning, inspecting and/or maintaining the floor in the area of the escalator on or before the date of the incident herein.

7.    By diversity of citizenship of the parties herein, and the fact that the damages are in excess of the jurisdictional amount set forth at 28 U.S.C. §1332, this Court has jurisdiction over the action herein.

8.    At all times relevant hereto, Defendants operated a resort with a casino at its property located at 312 Woodland Rd. Mount Pocono, Pennsylvania 18344.

9.    At all times relevant hereto, Plaintiff was a business invitee of the Defendants' casino.

10.   On or about February 25, 2022, Plaintiff was at Defendants' casino exiting the UP escalator when she was caused to slip, lose her balance and violently fall on the tile floor as a result of a slippery condition on the floor.

11.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

12.   Defendants owed a duty to properly maintain and/or inspect the floors of the casino to keep the premises in a reasonably safe condition for use by persons at the premises including Plaintiff.

13.   Defendants violated this duty owed, including to the Plaintiff, in that Defendants negligently and carelessly failed to properly maintain and/or inspect the

floor around the UP escalator and created or permitted a dangerous condition to exist consisting of a slippery condition on the floor.  Defendants knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendants knew or should have known this condition posed a danger to persons present at the premises.

14. The aforesaid incident and injuries resulting to the Plaintiff, Carol Scharff occurred as a result of the negligence and carelessness of the Defendants.

## COUNT I

## PLAINTIFF, CAROL SCHARFF v. DEFENDANT MOUNT AIRY CASINO RESORT

15.  Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

16.  The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the   negligence and carelessness of the Defendants, which consisted of the following:

a.      Failing to maintain the floors of the business premises in a safe manner;

b.      Failing to discover and rectify the slippery condition which existed on the floor;

c.              Failing to discover and rectify the slippery condition on the

4

floors;

d.        Failing to warn Plaintiff regarding the dangerous condition caused by the slippery floor;

e.        Failing to take proper precautions to prevent the slippery condition on the floor;

f.        Failing to use reasonable care to keep their business premises and, in particular, the floors in a safe condition;

g.        Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the slippery floor;

h.        Allowing a slippery condition to exist on the floor of the property when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to visitors of the premises.

i.        Failing to install a non-slip surface on the floor around the UP escalator;

j.        Failing to warn of the slippery condition in the subject area;

17. At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

18. As a result of the negligence and carelessness of the Defendants, the Plaintiff received serious personal injuries, to wit: neck and back injuries, cervical disc disorder, cervicalgia, cervical radiculopathy requiring C5-C6 total cervical

radical diskectomy and anterior cervical fusion, lumbar radiculopathy, left hand injuries, left knee injuries and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

19. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

20. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

21. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

22.   As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Carol Scharff demands judgment against the Defendants in an amount in excess of $150,000.00 together with interest and cost.

## COUNT II
## PLAINTIFF, CAROL SCHARFF v. DEFENDANT MOUNT AIRY CASINO RESORT, LP

23.  Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

24.  The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the   negligence and carelessness of the Defendants, which consisted of the following:

a.     Failing to maintain the floors of the business premises in a safe manner;

b.     Failing to discover and rectify the slippery condition which existed on the floor;

c.         Failing to discover and rectify the slippery condition on the floors;

d.         Failing to warn Plaintiff regarding the dangerous condition caused by the slippery floor;

e.         Failing to take proper precautions to prevent the slippery condition on the floor;

f.         Failing to use reasonable care to keep their business premises and, in particular, the floors in a safe condition;

g.         Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the slippery floor;

h.         Allowing a slippery condition to exist on the floor of the property when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to visitors of the premises.

i.         Failing to install a non-slip surface on the floor around the UP

escalator;

j.          Failing to warn of the slippery condition in the subject area;

25. At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

26. As a result of the negligence and carelessness of the Defendants, the Plaintiff received serious personal injuries, to wit: neck and back injuries, cervical disc disorder, cervicalgia, cervical radiculopathy requiring C5-C6 total cervical radical diskectomy and anterior cervical fusion, lumbar radiculopathy, left hand injuries, left knee injuries and  other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

27. Solely as a result of Defendants' negligence, Plaintiff was forced  to bear extensive  medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

28. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

29. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial

period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

30.   As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Carol Scharff demands judgment against the Defendants in an amount in excess of $150,000.00 together with interest and cost.

## <u>COUNT III</u>
## <u>PLAINTIFF, CAROL SCHARFF v. DEFENDANT MOUNT AIRY  #1 L.L. C.</u>

31.  Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

32.  The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the   negligence and carelessness of the Defendants, which consisted of the following:

a.   Failing to maintain the floors of the business premises in a safe manner;

b.   Failing to discover and rectify the slippery condition which existed on the floor;

c.          Failing to discover and rectify the slippery condition on the floors;

d.          Failing to warn Plaintiff regarding the dangerous condition

caused by the slippery floor;

e.        Failing to take proper precautions to prevent the slippery condition on the floor;

f.        Failing to use reasonable care to keep their business premises and, in particular, the floors in a safe condition;

g.        Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the slippery floor;

h.        Allowing a slippery condition to exist on the floor of the property when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to visitors of the premises.

i.        Failing to install a non-slip surface on the floor around the UP escalator;

j.        Failing to warn of the slippery condition in the subject area;

33. At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

34. As a result of the negligence and carelessness of the Defendants, the Plaintiff received serious personal injuries, to wit: neck and back injuries, cervical disc disorder, cervicalgia, cervical radiculopathy requiring C5-C6 total cervical radical diskectomy and anterior cervical fusion, lumbar radiculopathy, left hand

injuries, left knee injuries and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

35. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

36. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

37. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

38. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Carol Scharff demands judgment against the Defendants in an amount in excess of $150,000.00 together with interest and cost.


## COUNT IV
## PLAINTIFF, CAROL SCHARFF v. DEFENDANT MOUNT AIRY #2 L.L.C

39. Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

11

40.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the   negligence and carelessness of the Defendants, which consisted of the following:

a.      Failing to maintain the floors of the business premises in a safe manner;

b.      Failing to discover and rectify the slippery condition which existed on the floor;

c.             Failing to discover and rectify the slippery condition on the floors;

d.             Failing to warn Plaintiff regarding the dangerous condition caused by the slippery floor;

e.             Failing to take proper precautions to prevent the slippery condition on the floor;

f.             Failing to use reasonable care to keep their business premises and, in particular, the floors in a safe condition;

g.             Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the slippery floor;

h.             Allowing a slippery condition to exist on the floor of the property when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to visitors of the premises.

i.             Failing to install a non-slip surface on the floor around the UP escalator;

j.             Failing to warn of the slippery condition in the subject area;

41. At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

42. As a result of the negligence and carelessness of the Defendants, the Plaintiff received serious personal injuries, to wit: neck and back injuries, cervical disc disorder, cervicalgia, cervical radiculopathy requiring C5-C6 total cervical radical diskectomy and anterior cervical fusion, lumbar radiculopathy, left hand injuries, left knee injuries and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

43. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

44. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

45. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

46.    As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Carol Scharff demands judgment against the Defendants in an amount in excess of $150,000.00 together with interest and cost.

**COUNT V.**
**PLAINTIFF, CAROL SCHARFF v. DEFENDANTS JOHN AND JANE DOES (PERSONS, ENTITIES, AGENTS, RESPONSIBLE FOR    CLEANING, INSPECTING AND/OR MAINTAINING THE FLOOR IN THE AREA   OF THE ESCALATOR ON OR BEFORE THE DATE OF THE INCIDENT**

47.  Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

48.  The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the   negligence and carelessness of the Defendants, which consisted of the following:

a.    Failing to maintain the floors of the business premises in a safe manner;

b.    Failing to discover and rectify the slippery condition which existed on the floor;

c.         Failing to discover and rectify the slippery condition on the floors;

d.         Failing to warn Plaintiff regarding the dangerous condition caused by the slippery floor;

e.         Failing to take proper precautions to prevent the slippery

14

condition on the floor;

f.        Failing to use reasonable care to keep their business premises and, in particular, the floors in a safe condition;

g.        Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the slippery floor;

h.        Allowing a slippery condition to exist on the floor of the property when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to visitors of the premises.

i.        Failing to install a non-slip surface on the floor around the UP escalator;

j.        Failing to warn of the slippery condition in the subject area;

49. At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

50.  As a result of the negligence and carelessness of the Defendants, the Plaintiff received serious personal injuries, to wit: neck and back injuries, cervical disc disorder, cervicalgia, cervical radiculopathy requiring C5-C6 total cervical radical diskectomy and anterior cervical fusion, lumbar radiculopathy, left hand injuries, left knee injuries and  other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

51. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

52. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

53. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

54. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Carol Scharff demands judgment against the Defendants in an amount in excess of $150,000.00 together with interest and cost.


**COUNT VI**
**Plaintiff, Dennis Scharff v. Defendants**

55. Plaintiffs hereby incorporate by reference all of the allegations of this Complaint as though the same were fully set forth at length herein.

56. Plaintiff, Dennis Scharff avers that he is the husband of Carol Scharff the above Plaintiff.

57.     Further, by reason of the aforesaid, the Plaintiff Dennis Scharff has been obliged to expend various sums of money for medicine and medical attention in and about an effort to effect a cure for his wife's injuries and he will be compelled to expend such sums for the same purpose for an indefinite period of time in the future to his great detriment and loss.

58.     By reason of the aforesaid, Plaintiff Dennis Scharff  has been deprived of the assistance and society of his wife all of which has caused him great financial damage and loss.

WHEREFORE, Plaintiff, Dennis Scharff, demands judgment against Defendant in an amount in excess of   $150,000.00  together with interest and costs.

**FALCON LAW FIRM, LLC**

**BY : /s/ Todd M. Sailer**
        **Todd M. Sailer, Esquire**
        **Attorney for Plaintiff**
        **Attorney I.D. #86013**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues involved.

**FALCON LAW FIRM, LLC**


**BY : <u>/s/ Todd M. Sailer</u>**
**Todd M. Sailer, Esquire**
**Attorney for Plaintiff**
**Attorney I.D. #86013**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CAROL SCHARFF and DENNIS** : **NO:**
**SCHARFF** :
39 Ned Court :
Perth Amboy, NJ 08861 :
:
     v. :
**MOUNT AIRY CASINO RESORT** :**JURY TRIAL DEMANDED**
312 Woodland Rd. :
Mount Pocono, PA 18344 :
   and

## **CERTIFICATION**

Pursuant to U.S. D.C. Rule 47 (4), it is hereby certified that the amount in controversy is in excess of the jurisdictional amount, exclusive of costs and any punitive damage claim.

**FALCON LAW FIRM, LLC**


**BY : /s/ Todd M. Sailer**
**Todd M. Sailer, Esquire**
**Attorney for Plaintiff**
**Attorney I.D. #86013**